# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case Nos. 2023-0020, <u>E.O. v. R.T.</u>, and 2023-0021, <u>R.T. v. E.O.</u>, the court on June 29, 2023, issued the following order:**

R.T.'s motion to reconsider our order of June 5, 2023, and to accept his late-filed brief and appendices is denied. The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). R.T. appeals a domestic violence final order of protection, <u>see</u> RSA 173-B:5, I (2022), issued by the Circuit Court (<u>Maloney</u>, R., approved by <u>Cabrera</u>, J.), following an evidentiary hearing, in favor of E.O., and dismissing R.T.'s separate domestic violence petition that he had filed against E.O. On appeal, R.T. argues that the trial court deprived him of due process under the State and Federal Constitutions. R.T. further argues that the evidence does not establish, and that the trial court erred by finding, that he "abused" E.O. for purposes of RSA 173-B:1, I (2022), and that the trial court erred by dismissing his domestic violence petition against E.O. on the basis that E.O. had not abused him. We affirm.

To obtain relief under RSA chapter 173-B, a plaintiff must prove, by a preponderance of the evidence, that the defendant engaged in "abuse." <u>S.C. v. G.C.</u>, 175 N.H. 158, 163 (2022). A finding of abuse requires proof that the defendant, who is a family or household member or a current or former sexual or intimate partner of the plaintiff, committed or attempted to commit one or more statutorily enumerated crimes, and that such conduct constitutes "a credible present threat to the [plaintiff's] safety." RSA 173-B:1, I; <u>see</u> <u>S.C.</u>, 175 N.H. at 163. The trial court "may consider evidence of such acts, regardless of their proximity in time to the filing of the petition, which, in combination with recent conduct, reflects an ongoing pattern of behavior which reasonably causes or has caused the [plaintiff] to fear for his or her safety or well-being." RSA 173-B:1, I.

In this case, the trial court found that R.T. had abused E.O. by engaging in "[i]nterference with freedom as defined in RSA 633:1 through RSA 633:3-a," RSA 173-B:1, I(d), and "[h]arassment as defined in 644:4," RSA 173-B:1, I(g). The trial court further found that E.O. had not abused R.T., and it dismissed the domestic violence petition that R.T. had filed against E.O. On appeal, the trial court's findings of fact are final, and we engage in <u>de novo</u> review of questions of law raised by the appealing party. RSA 173-B:3, VI (2022); <u>S.C.</u>, 175 N.H. at 162. We review sufficiency of the evidence claims as a matter of

law, and will uphold the trial court's findings and rulings unless they lack evidentiary support or are tainted by error of law.  S.C., 175 N.H. at 162.  We view the evidence in the light most favorable to the party who prevailed at trial, here, E.O., deferring to the trial court's judgment as to the credibility of the witnesses and the weight of the evidence presented.  Id. at 162-63.

To the extent that R.T. argues that the trial court deprived him of due process, he has not sufficiently developed the argument to warrant appellate review.  See State v. Blackmer, 149 N.H. 47, 49 (2003).  Moreover, as the appealing party, R.T. has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's orders, the arguments R.T. is raising, the relevant law, and the record submitted on appeal, we conclude that R.T. has not established that the trial court's findings and rulings lack evidentiary support or are tainted by error of law.  S.C., 175 N.H. at 162; see Gallo, 166 N.H. at 740.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2